UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-MD-01928-MIDDLEBROOKS/JOHNSON

IN RE: TRASYLOL PRODUCTS
LIABILITY LITIGATION - MDL-1928

**This Document Relates To:**

*Rita M. Brinson, et al.,*
*v. Bayer Corporation, et al.,*
Case No. 08-cv-81212
_____/

## ORDER ON DEFENDANTS' MOTIONS TO DISMISS

THIS CAUSE comes before me upon Defendants'[1] (hereinafter, collectively, "Bayer") two separate motions to dismiss. Bayer filed its first Motion to Dismiss under Rules 12(b)(2) and 12(b)(5) (DE 26 in Case No. 08-cv-81212; DE 8167 in Case No. 08-md-01928) on December 20, 2010. (The "Lack of Personal Jurisdiction Motion"). Plaintiffs filed a response (DE 28 in Case No. 08-cv-81212), and Bayer replied (DE 31 in Case No. 08-cv-81212). Being fully briefed, this Motion, along with motions to dismiss in seventeen other cases, was set for a hearing on March 4, 2011. One day before the hearing, Plaintiffs' counsel filed a Motion to Withdraw, citing irreconcilable differences with Plaintiffs on the appropriate course of action. (DE 34). At the hearing, Plaintiffs' counsel requested that I withhold adjudicating on this Motion so as to permit Plaintiffs time to secure new counsel or appear *pro se*.[2] Bayer has since

---

[1] The Complaint names as Defendants Bayer Corporation, Bayer Healthcare Pharmaceuticals Inc. (as successor in interest of Bayer Pharmaceuticals Corporation), and Bayer Healthcare AG.

[2] By Order entered April 4, 2011, I granted Plaintiffs' counsel permission to withdraw. (DE 36). The Order specifically advised that Plaintiffs' claims may be subject to dismissal

1

filed a second Motion to Dismiss under Rule 41(b) (DE 41 in Case No. 08-cv-81212; DE 9611 in Case No. 08-md-01928) on June 7, 2011. (The "Failure to Prosecute Motion").[3] Plaintiffs have not filed a response to the Failure to Prosecute Motion and the deadline for responding has passed. I have reviewed the motions and am informed of the premises.

I. **Background**

Plaintiffs Rita M. Brinson and Elke A. Brinson are co-executrixes of the Estate of Leroy Brinson ("Mr. Brinson"), who is deceased.[4] (Compl. ¶ 2). Mr. Brinson was administered Trasylol on November 4, 2006 at Inova Fairfax Hospital in Virginia. (Compl. ¶ 4). He died on November 14, 2006. (Compl. ¶ 2).

Plaintiffs allege that Mr. Brinson's administration of Trasylol caused, *inter alia*, his renal dysfunction and death. (Compl. ¶ 4). The Short-Form Complaint, filed directly in this MDL on October 20, 2008, contains 14 counts: Strict Liability – Failure-to-warn (Count I), Strict Liability – design defect (Count II), Negligence (Count III), Negligence per se (Count IV), Fraud misrepresentation and suppression (Count V), Constructive fraud (Count VI), Breach of implied warranties (Count VII), Unfair and deceptive trade practices (Count VIII), Unjust enrichment (Count IX), Loss of consortium (Count X), Wrongful death (Count XI), Survival action (Count XII), Gross negligence/malice (Count XIII), Punitive damages (Count XIV).

---

without prejudice if the Plaintiffs failed to appear *pro se* or with new counsel within forty-five (45) days of entry of that Order. Withdrawing counsel certified that Plaintiffs had received notice of their withdrawal. (DE 38).

[3] This Order will refer to filings by their specific case docket entries unless otherwise stated.

[4] Plaintiffs are citizens of Virginia, as was Mr. Brinson. (Compl. ¶ 2).

2

At the time of Plaintiffs' counsel's withdrawal, the Lack of Personal Jurisdiction Motion was fully briefed. The Lack of Personal Jurisdiction Motion asserted that jurisdiction was lacking because Plaintiff's had never effectuated service of process upon the Defendants. In their response to the Motion, Plaintiffs submitted an affidavit in support of their claim that they properly served Bayer, but have not submitted a corroborating return receipt. (DE 28 at 55). Bayer submitted an affidavit with its reply, filed February 7, 2011, stating that service was not properly made. (DE 31-1 at 2-4).

I first note that I am disinclined to grant Defendants Failure to Prosecute Motion because although Plaintiffs have not properly filed an appearance *pro se* I note that they did send a letter dated March 28, 2011 to Chambers addressed to the law clerk assigned to this case. The letter indicated that Plaintiffs intended to pursue their action. While not properly filed, the letter does evince an intention to appear *pro se*. That being said, I additionally note that subsequent to this letter, the Plaintiffs have never filed any additional response to the Lack of Personal Jurisdiction Motion nor any additional proof of proper service.

## II.     Rule 12(b)(2)

### A.     Legal Standard

A party may move for dismissal under Rule 12(b)(2) for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); (DE 28 at 3; DE 31 at 1-2). A prima facie case is established if the plaintiff presents sufficient facts to defeat a motion for a directed verdict. *Morris*, 843 F.2d at 492; *see also Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008). Allegations in the complaint are accepted as

3

true, to the extent they are uncontroverted by defendant's non-conclusory affidavits or deposition testimony. *Morris*, 843 F.2d at 492; *Lowdon*, 534 F. Supp. 2d at 1360. Where the evidence presented by the parties' affidavits and deposition testimony conflicts, all reasonable inferences are drawn in favor of the non-movant plaintiff. *Morris*, 843 F.2d at 492; *Lowdon*, 534 F. Supp. 2d at 1360.

Personal jurisdiction has two elements: "amenability to jurisdiction" and "service of process." *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003). Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. *Id.* "Service of process," on the other hand, "is simply the physical means by which that jurisdiction is asserted." *Id.* Service of process is a precondition to a federal court's authority to impose a judgment on a defendant. *See, e.g., Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *see also Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served on the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case."). "In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

"[T]he defense of lack of personal jurisdiction may be waived by express submission, conduct, or failure to assert the defense." *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 25 (1st Cir. 1992) (citing *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S.

4

165, 168 (1939)); *see also* FED. R. CIV. P. 12(h)(1) (party waives any defense listed in Rule 12(b)(2)-(5) by failing to either make it by motion or include it in a responsive pleading or an amendment thereof); *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998) ("Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296-97 (7th Cir. 1993) (finding waiver of defense where defendants "fully participated in litigation of the merits for over two-and-a-half years" and "participated in lengthy discovery, filed various motions and opposed a number of motions filed by [the plaintiff]"). But waiver of a personal jurisdiction defense by conduct or appearance is not readily found. *See Baragona v. Kuwait Gulf Link Transport Co.*, 594 F.3d 852, 854 (11th Cir. 2010) ("A defendant normally only waives a personal jurisdiction defense if he or she has entered an appearance or was involved in overt wrongdoing to deceive the court and avoid service of process.") (internal citations omitted); *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1218 n.21 (11th Cir. 2009) (party's "right to dispute personal jurisdiction is waived if the party fails to assert the objection in its first Rule 12 motion, other responsive pleading or general appearance").

**B. Analysis**

I find that this action should be dismissed for lack of personal jurisdiction under Rule 12(b)(2) because Plaintiffs have not established that they have ever properly served any Defendant. PTO4 provides that, to be effective, service must be made "by registered mail, return receipt requested" sent to specified addresses of the Defendants. A copy of each notice transmitted also must be provided to specified counsel for Defendants. PTO No. 4 § VI.A.

As stated earlier, the Plaintiffs provided an affidavit in support of their claim that service

was properly effected, but as presented this is insufficient. The affidavit was made by one of withdrawing counsel's paralegals. It provided, in pertinent part, that "[o]n November 20, 2008 [she] served Plaintiff Rita Brinsons's complaint on Bayer Corporation, Bayer Health Care Pharmaceuticals Inc., and Bayer Schering Pharma AG by Registered Mail, Return Receipt and First Class Mail in accordance with MDL Procedure for Service of Complaints." I find the affidavit conclusory and devoid of specificity. Specifically it does not identify individuals or addresses to whom the service was addressed. Nor does it state that any copies were provided to the specified counsel indicated in PTO4. Additionally, as indicated by Bayer, Plaintiffs fail to submit any proof of service such as either a record of mailing or return receipts, or provide any explanation for the absence or unavailability of such proof.

Bayer also presents an affidavit in support of its argument that service was not properly effected. (*See* DE 31-1 at 2-4). The affidavit identifies the provisions at issue governing the manner of service, and specifies that the relevant individuals and counsel were consulted and none received service of process, or copies thereof, from Plaintiffs. Moreover, Bayer argues that the affidavit, dated November 20, 2008, asserts that service was made on Bayer Schering Pharma AG at a time when this entity was not a party to this action, had not yet merged with the defendant Bayer HealthCare AG named in the Complaint, did not have Trasylol-related functions, and was not mentioned in PTO4.[5] At most, then, the affidavit is probative to some extent of service on two of the three named defendants, but I find that the affidavit's

---

[5] "As is set forth in PTO No. 11, Bayer Schering Pharma AG merged with Bayer HealthCare AG on December 30, 2008, over a month later than the date of the affidavit, and Bayer Schering Pharma AG at that time assumed the liabilities and functions of Bayer HealthCare AG related to Trasylol." (DE 31 at 3).

inconsistency with the Complaint and the parties to this action at the time limits the affidavit's probative value.

Drawing all reasonable inferences in favor of the non-movant Plaintiffs, as I must, I find that Plaintiffs have not presented sufficient facts to withstand a directed verdict as to personal jurisdiction because, under these circumstances, Plaintiffs have not established that service was properly effected.

Moreover, Plaintiffs argue that Bayer waived by conduct its 12(b)(2) defense, but I disagree.[6] Bayer has not engaged in the type of extensive discovery or motions practice that has persuaded other circuits to find a waiver of the defense. *See, e.g., Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1296-97 (7th Cir. 1993); *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999) (personal jurisdiction defense forfeited where defendant waited four years to raise issue in a motion to dismiss and engaged in considerable pretrial activity, including merits discovery and settlement conferences). Over two and a half years have passed, and even accepting Plaintiff's bare argument that Bayer responded to Plaintiff's Fact Sheet submissions, such minimal activity is insufficient as a matter of law to waive the defense of personal jurisdiction, especially where, as here, the Defendants have expressly asserted the defense in a Rule 12 motion and notified plaintiffs, on several occasions, of their failure to serve. I find that dismissal without prejudice under Rule 12(b)(2) for lack of personal jurisdiction is due to be granted.

III.    **Rule 12(b)(5)**

---

[6] Plaintiffs do not argue that Bayer consented to jurisdiction, or waived its personal jurisdiction defense in a responsive pleading or Rule 12 motion.

### A.  Legal Standard

A party may move for dismissal under Rule 12(b)(5) for insufficient service of process. FED. R. CIV. P. 12(b)(5). As with a motion under Rule 12(b)(2), the plaintiff on a Rule 12(b)(5) motion bears the burden of establishing this jurisdictional defense. *Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008) ("The burden is on [the plaintiff] to establish the validity of service [on the defendant]. In determining whether this burden has been met, the Court applies the same standards of proof governing motions to dismiss for lack of personal jurisdiction.").

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Good cause for a failure to serve within the time limit prescribed in Rule 4(m) exists "'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey v. Carroll Cnty Com'rs*, 476 F.3d 1277, 1281-82 (11th Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)); *see also Madison v. BP Oil Co.*, 928 F. Supp. 1132, 1137 (S.D. Ala. 1996) (equating "good cause" with "excusable neglect" and citing "sudden illness, natural catastrophe, or evasion of service of process" as circumstances that may constitute good cause).

"Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Lepone-Dempsey*, 476 F.3d at 1281; *Horenkamp v. Van Winkle & Co.*,

402 F.3d 1129, 1132-33 (11th Cir. 2005); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("If good cause does not exist the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service.") (emphasis in original). "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service.'" *Horenkamp*, 402 F.3d at 1132-33. (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

**B.    Analysis**

I find that this action also is due to be dismissed without prejudice under Rule 12(b)(5) for insufficient service of process.

As discussed *supra*, Plaintiffs have not established that service was properly effected at any time, including within the 120-day period in Rule 4(m).

I further find that Plaintiffs have not shown good cause that would require an extension of time to serve. Plaintiffs do not identify any outside factor that prevented them effecting proper service under PTO4 and Rule 4(m). There is no claim of reliance on faulty advice. Nor is there any claim that Bayer evaded service, particularly here, where a specific method of service has been provided in PTO4.

Moreover, I find that other factors do not warrant a discretionary extension of time to serve. Over two and a half years have passed since the Complaint was filed, and more than six months have passed since Bayer notified Plaintiffs of their failure to serve.[7] Plaintiffs have not provided any additional proof of effective service, such as a return receipt.

---

[7] Bayer submits a letter dated November 9, 2010, in which counsel for the defendants notified the plaintiffs' counsel of insufficient service. (DE 26-1 at 2-3).

Furthermore, the statute of limitations does not persuade me to grant an extension of time under Rule 4(m). Plaintiffs' claims, if re-filed, may be time-barred.[8] *See* VA. CODE § 8.01-243(A) (two-year limitations period for personal injury claims). I note that even if a re-filed action were time-barred, this would not require me to grant an extension. *Lepone-Dempsey*, 476 F.3d at 1282. But, assuming that Virginia law applied, Virginia has a tolling statute that may save re-filed claims that were initially filed within the statute of limitations period[9] and dismissed without determining the merits.[10] *See* VA. CODE § 8.01-229(E)(1). Here, I find that dismissal without prejudice under Rule 12(b)(5), without adjudicating the merits, is due to be granted.

## IV.    Rule 41(b)

In the Failure to Prosecute Motion, Bayer seeks dismissal of Plaintiffs' claims pursuant to Rule 41(b) and PTO 23 for failure to comply with this Court's prior Order to appear *pro se* or with new counsel. (DE 38).

Rule 41(b) provides

If the plaintiff fails to prosecute or to comply with these rules or a court order, a

---

[8] The parties do not cite a statute of limitations of a state other than Virginia, where the relevant conduct occurred, the parties' relationship was centered, the surgery took place, Trasylol was administered and allegedly caused harm, and Trasylol most likely was marketed, shipped, and sold. An assumption that the Virginia statute would apply to a re-filed action may not be well-founded, however, depending on the forum chosen by Plaintiffs and the attendant circumstances, which I cannot know at this stage in the litigation.

[9] Bayer acknowledges that the present action appears to have been timely filed under the applicable Virginia statute of limitations. (DE 26 at 10).

[10] The statute provides that "if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period." *See* VA. CODE § 8.01-229.

defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

I previously noted that Plaintiffs' March 28 letter could be construed as an attempt to comply with Rule 41(b) and PTO 23, but also that subsequent to this letter, the Plaintiffs never filed any additional response to the Lack of Personal Jurisdiction Motion, nor any additional proof of service. Because I have found that dismissal without prejudice is appropriate under Rules 12(b)(2) and 12(b)(5), it is unnecessary to reach the Rule 41(b) issue, and I therefore decline to do so. The Failure to Prosecute Motion will be denied as moot.

## V. Conclusion

Accordingly, it is hereby

**ORDERED and ADJUDGED** that Bayer's Motion to Dismiss under Rules 12(b)(2) and 12(b)(5) (DE 26 in Case No. 08-cv-81212; DE 8167 in Case No. 08-md-01928) be and is hereby **GRANTED without PREJUDICE**.

It is further,

**ORDERED and ADJUDGED** and Bayer's Motion to Dismiss under Rule 41(b) (DE 41 in Case No. 08-cv-81212; DE 9611 in Case No. 08-md-01928) be and is hereby **DENIED as MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _8_ day of July, 2011.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record